**Opinion filed September 17, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00090-CV

_____

## IN THE INTEREST OF A.Q., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 9706-CX**

### MEMORANDUM OPINION

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father of A.Q. Both parents appeal. On appeal, they challenge the legal and factual sufficiency of the evidence to support the termination of their parental rights. We affirm the order of termination.

*Termination Findings, Issues Presented, and Standards of Review*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2019). To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

In this case, the trial court found that the mother had committed four of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), (N), and (O)—and that the father had committed one of the acts listed in Section 161.001(b)(1)—that found in subsection (Q). Specifically, the trial court found that the mother had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the child's physical or emotional well-being; that the mother had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being; that the mother had constructively abandoned the child; and that the mother had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parents for abuse or neglect. The trial court found that the father had knowingly engaged in criminal conduct that had resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition. The trial court also found, pursuant to Section 161.001(b)(2), that termination of each parent's parental rights would be in the best interest of the child.

In her first issue on appeal, the mother challenges the legal and factual sufficiency of the evidence to support the findings made pursuant to subsections (D), (E), (N), and (O). In the mother's second issue and in the father's sole issue, the parents challenge the legal and factual sufficiency of the evidence to support the trial court's findings as to best interest. The father does not challenge the finding made pursuant to subsection (Q).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

We note that the mother respectfully asks this court to review the evidence under a de novo standard of review. We do not believe that de novo review is appropriate in this case. As an intermediate appellate court, we will apply the

standard of review mandated by the Texas Supreme Court and set out in *J.P.B.*, *C.H.*, and *Holley*.

*Background Facts*

The record shows that the Department became involved with A.Q. when she was one year old. A.Q. was found in a motel room that smelled of marihuana and contained drug paraphernalia. A.Q.'s mother and her boyfriend admitted that they had been smoking marihuana. The mother's boyfriend had an extensive criminal history involving drugs. A hair follicle test revealed that A.Q. was positive for both marihuana and cocaine.

After removal, the mother was ordered by the court to comply with the provisions of her family service plan. The mother refused to cooperate and completely failed to comply with the provisions of her service plan. During the eighteen months that this case was pending below, the mother had only one visit with A.Q., a visit that occurred approximately two months after removal and sixteen months prior to trial. The mother was not present in court at the termination hearing.

Although the father was incarcerated at the time of trial, he was permitted to appear in person at the termination hearing. The father had been convicted in 2019 of the offenses of sexual assault of a child and aggravated sexual assault of a child. The victims of these offenses were two girls that hung around in the homeless community where the father then resided. The father was sentenced to serve a term of five years in prison, and he has a lifetime duty to register as a sex offender. At the time that the father committed the sexual assaults, A.Q. was two months old. The father was aware of A.Q.'s birth, and he indicated that he had given money to A.Q.'s mother to help pay for A.Q.'s care. However, he had not seen A.Q. and had not been involved in her life other than "briefly . . . after she was born."

4

The father asked that the paternal grandmother be given conservatorship of A.Q. but that the father's parental rights not be terminated. The father indicated that he would like to seek custody of A.Q. in the future.

At the time of the termination hearing, A.Q. was two years old and had been placed with her paternal grandmother for approximately eighteen months. A.Q. had done well in the home of her paternal grandmother. A.Q. was described by the conservatorship caseworker as being happy, super sweet, active, and well-adjusted. A.Q. and her grandmother had developed a strong bond, and the grandmother was ready to adopt A.Q. The grandmother was willing and able to provide a stable home for A.Q. The caseworker testified that it would be in A.Q.'s best interest for the parental rights of the mother and the father to be terminated. The Department's plan for A.Q. was for the paternal grandmother to adopt A.Q.

*Analysis*

In her first issue on appeal, the mother challenges the sufficiency of the evidence to support all four findings made by the trial court pursuant to Section 161.001(b)(1). When raised on appeal, we must address a parent's challenge to a finding made by the trial court pursuant to Section 161.001(b)(1)(D) or (E). *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993

S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.*

Here, the record contains clear and convincing evidence that the mother engaged in conduct that endangered the child. *See* FAM. § 161.001(b)(1)(E). The trial court could reasonably have formed a firm belief or conviction that the mother's actions had endangered the child. At the time of the intake, A.Q., the mother, and the mother's drug-involved boyfriend were present in a motel room with drug paraphernalia. The mother admitted that she had smoked marihuana while A.Q. was in her care, and one-year-old A.Q. tested positive for both marihuana and cocaine. Thereafter, the mother refused to cooperate with the Department and refused to submit to random drug tests. Consequently, we hold that the evidence is legally and factually sufficient to support the trial court's finding as to the mother under Section 161.001(b)(1)(E).

The record additionally reflects that the trial court's finding under subsection (N) was supported by clear, convincing, and uncontroverted evidence. The Department made reasonable efforts to work with the mother so that the child could be returned to her; however, the mother refused to cooperate, had not had contact with A.Q. in sixteen months at the time of trial, and had not shown that she was able to provide A.Q. with a safe environment. *See* FAM. § 161.001(b)(1)(N). Although we have addressed two of the acts listed in Section 161.001(b)(1)(A)–(U) with respect to the mother, because a finding that a parent committed just one of those acts is all that is required, we need not address the remaining portions of the mother's first issue. *See* TEX. R. APP. P. 47.1. Accordingly, we overrule that portion of the mother's first issue that relates to the trial court's findings under

subsections (E) and (N) and do not reach the mother's challenge to the findings under subsections (D) and (O). *See* TEX. R. APP. P. 47.1.

In the mother's second issue and in the father's sole issue, the parents challenge the sufficiency of the evidence in support of the trial court's findings that the termination of their parental rights was in the best interest of A.Q.

Based upon the evidence presented in this case and set forth above, we defer to the trial court's findings as to the child's best interest. *See C.H.*, 89 S.W.3d at 27. We hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of both the mother's and the father's parental rights would be in A.Q.'s best interest. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the child's desires (A.Q. was too young to express any desire), the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, the child's exposure to drugs while in the mother's care, the mother's abandonment of A.Q. while this case was pending, the father's criminal history, the lack of stability of either parent, and the stability of the placement, we hold that the evidence is legally and factually sufficient to support the findings that termination of the mother's and the father's parental rights is in the best interest of the child. *See id.* We cannot hold that the findings as to best interest are not supported by clear and convincing evidence. We overrule the mother's second issue and the father's sole issue.

*This Court's Ruling*

We affirm the trial court's order of termination.


KEITH STRETCHER

JUSTICE


September 17, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.